

21 – 005797 – CI
COMP
COMPLAINT
1409036

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL

# CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA

# CIVIL DIVISION

BELINDA WOOD,
    Plaintiff,

CASE NO. 21-5797-CI
Sect 17

vs.

THE STATE OF FLORIDA, THE CITY OF LARGO, FLORIDA,
*Alexa Moia, Assistant State Attorney, Douglas Ellis, Assistant State Attorney,*
MEDICAL EXAMINER DISTRICT SIX, *Christopher Wilson M.D.*
*Segui Michor, Investigator, and*
PINELLAS COUNTY, LARGO POLICE DEPARTMENT,
*Robert Charles Cook, Detective,*
*Jill M. Freire, Detective, Bobby Lance Moore, Detective, and*
LIFE LINK ORGANIZATION'S
    Defendants,

_____/

## COMPLAINT

COMES NOW, Belinda Wood, Plaintiff, Pro Se, and brings forth a Civil Suit against the following herein named Defendants, in accordance to 42 U.S.C., 1983 for violations of Plaintiff's 5th, 14th and 4th Amendment rights as outlined herein, Plaintiff believes this court has the proper jurisdiction to hear this case and asserts she has standing as a citizen of the United States of America, and as a mother whose child was killed in the State of Florida, County of Pinellas, governed by the Constitution of the United States of America; further; I, Belinda Wood,

Plaintiff, Pro Se, am a woman of African American descent, the only living parent of Khadijah Hamidullah Wood (A Black Female) and the grandparent of the Unborn Human Being, my daughter carried in her womb on December 16, 2017. I have asked for assistance from the State of Florida to reinvestigate the death of these two people. Despite my many requests, I have been ignored and denied due process, incurred racial bias and prejudice, and been subjected to illegal search and seizure procedures by agents of the State of Florida in their induvial and professional capacities. Therefore, I, Belinda Wood, Plaintiff, Pro Se, sues on behalf of herself for the violations Defendants and their respected agencies failed to ensure as guaranteed by the United States Constitution, as outlined below

**Count 1:**

VIOLATION OF PLAINTIFFS 14th AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

*OFFICE OF THE STATE ATTORNEY:*

1. Defendants showed a total disregard for executing the duties of the State in a non-biased professional manner. Violating Plaintiff's due process rights by ignoring and deviating from their investigative duties owed to Plaintiff and Plaintiff's family overall.

> **WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

## Count II:

VIOLATION OF PLAINTIFFS 5TH AMENDMENT RIGHTS FREE FROM RACIAL DISCRIMINATION AND PROCEDURAL DUE PROCESS UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

*OFFICE OF THE STATE ATTORNEY:*

2. Plaintiff's rights, as well as the rights of Plaintiff's deceased daughter, were carried out without dignity, grace, and in accordance with all applicable State Statues, free from discrimination.

3. The Office of the State Attorney failed to take into consideration the difference between the reports of forensics and traffic reports in reaching a conclusion not to file any criminal charges against Justin Brandes, the person who ran over and killed Plaintiffs' daughter, resulting in her death. Defendants had a duty to gather and compare reports in determining if criminal charges were warranted in this case, their failure to do so resulted in dereliction and disregard for their sworn duties and violated Plaintiff's due process rights as outlined in Amdt14.S1.4.1.1 Race Based Classification in the treatment of the Defendant's carrying out the duties and to afford the due process Amdt14.S1.1 Due Process Clause while investigating my daughter's case for failing to oversee and guarantee Plaintiff's rights as well as the rights of the Plaintiff's deceased daughter were carried out with dignity grace and in accordance with all applicable State Statues, free from discrimination. Amdt14.S1.

**4. WHEREFORE, Plaintiff demands judgement in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

### Count III:

VIOLATION OF PLAINTIFFS 14TH AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

*ALEXA, MOIA, ASSISTANT STATE ATTORNEY:*

5. Defendant denied Plaintiff and did not afford Plaintiff a complete investigation of Plaintiff's daughter's death and by further failing to take into consideration legal, legitimate evidence of criminal activity as stated by the criminal history of Justin Brandes, whose actions led to my daughter's death. Such avoidance of rendering a complete investigation rendered a failure of due process to Plaintiff.

6. Further, by ignoring and refusing to prosecute law violations as written in the Florida Statutes due to her racially motivated bias, Plaintiff was discriminated against due to the color of her skin and due to the color of her daughter's skin.

7. Alexa Maura assured Plaintiff she had done a full investigation when in fact, she failed to submit documentation to the State of Virginia to verify the validity of Justin Brandes driving record. This dereliction of duties violated Plaintiff's guaranteed right to due process in the investigation of her daughter's death and further revealed her bias and discrimination towards Plaintiff because she was motivated in her duties to ignore Justin Brandes' driving record because of the color of his skin.

8. **WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

### Count IV:

VIOLATION OF PLAINTIFFS 14TH AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

## *DOUGLAS ELLIS, ASSISTANT STATE ATTORNEY:*

9.     Plaintiff reminded Defendant of her daughter's pregnancy multiple times. This information was ignored and went unheard by Defendant, further, by ignoring test results of Plaintiff's daughter's pregnancy, when State Attorney Bruce Bartlett asked Defendant, "what is the Theory on the 8week pregnancy". That information would have shown a Statutory Violation of the death of an unborn child and the fact that two people lost their lives on December 16, 2017. Ignoring such facts denied Plaintiff of a fair investigation. The mishandling of this investigation, notwithstanding the failure to collect such vital information, resulted in a violation of the 14th Amendment due process clause of the United States Constitution.

10. Defendant Ellis further failed to interview and follow up with witnesses, which would have shown Justin Brandes acted with bitter enmity and was culpable of the murdering of my daughter and her unborn child. Defendant's failure to properly afford Plaintiff and her family a proper investigation resulted in a blatant violation of Plaintiff's guaranteed constitutional right to due process.

11. Defendant Ellis further ignored prosecutorial information of Statute Violations regarding the driver's license of Justin Brandes, which was invalid according to written Florida Statute, and by his failure to clarify the investigation in writing, thus deviating in his duties according to protocol which resulted in failure in his duties and sworn oath to not only provide due process to the citizens of the victims involved in this case.

12. Further, Plaintiff claims such violations were motivated by racial discrimination because both Plaintiff and her deceased daughter were black, and the investigation was centered around the White Justin Brandes. It is therefore shown by his apparent neglect of investigating this case in a

different manner of those who would be of different ethnicities clearly violated Plaintiff's Due Process rights, and right to be afforded an investigation absent of discrimination.

**13. WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

### Count V:

VIOLATION OF PLAINTIFFS 4TH AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

*MEDICAL EXAMINER OFFICE DISTRICT 6:*

14. Defendants' failure to ensure Plaintiff provided permission for donation of tissue of daughters remains and failing to oversee the protocol of the Examiner's office were not carried out in accordance to State Statutes and was a violation of search and seizure and the right to be free from such procedures as afforded by the United States Constitution of America.

**15. WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

### Count VI:

VIOLATION OF PLAINTIFFS 4TH AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

*CHRISTOPHER WILSON M.D.: ASSOCIATED MEDICAL EXAMINER*

16. Defendant Wilsons failing to include the death of my daughter's unborn child in reports which would have shown a Statutory Violation according to Florida Statutes. Further, Defendant

Wilson violated my rights by taking organ tissue from my daughter without my permission. This was, in essence, a violation of my right to be free from illegal search and seizure.

**17. WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

### Count VII.

VIOLATION OF PLAINTIFFS 14ᵗʰ AMENDMENT AND Fla. Stat. 382.009, Fla. Stat. 406.075(g)

*INVESTIGATOR MELCHOR SEGUI:*

18. Defendant Segui's failing to ensure I gave permission to Life Link to take specific organs of my deceased daughter violated my right to be free from illegal search and seizure.

19. Furthermore, Defendant documented false information showing said seizure of body parts were taken with Plaintiff's permission. This brazen seizure by Defendant violated Plaintiff's constitutional rights.

20. Defendant Melchor Segui failed to notify Plaintiff the next of kin; if they were putting a request into harvest said organs and Defendant began the process of relaying this uninvestigated information, maybe the reason Plaintiff's daughter's eyeballs and tissue was removed from her body without Plaintiff's permission thus being a violation of Plaintiff's constitutional right to be free from illegal search and seizure.

**21. WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollar (1,000,000. 00).**

## Count VIII:

VIOLATION OF PLAINTIFFS 4TH AND 14TH AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

*INVESTIGATOR MELCHOR SEGUI:*

22. Defendant Segui neglected to submit the proper Affidavit to be signed by the court to release the Procurement documents signed by the Plaintiffs.

23. Defendants' failure to secure this Affidavit violated Plaintiff's constitutional rights to be free from illegal search and seizure, as well as Plaintiff's right to be afforded due process.

**24. WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

## Count IX:

VIOLATION OF PLAINTIFFS 4th, 5th, and 14th AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA **& Violation of Fla. Stat. 322.03(4)(5)**

*LARGO POLICE DEPARTMENT:*

25. Defendant violated my 4th, 5th, and 14th Amendment rights by failing to secure I would be provided a complete and thorough investigation free from racial discrimination Amdt14.S1.4.1.1Race Based afforded to me by the Constitution of the United States of America free from the violations of my privacy rights. Amdt14.S1 Equal Protection Clause.

26. Justin Brandes was not authorized, according to the State of Florida, to operate a vehicle. However, Detective Cook, Detective Freire, Police Officer Moore did nothing. They informed Justin Brandes that he was free to go drive took the vehicle belonging to James Stocks and driveway from the scene and did not impound the vehicle nor issue him even a citation for violations.

27. Fla. Stat. 322.03(4) A person may not operate a motorcycle unless he or she holds a driver's license that

 authorizes such operation, subject to the appropriate restrictions and endorsements.

(5)   It is a violation of this section for any person whose driver's license has been expired for more than 6 months to operate a motor vehicle on the highways of this State.

28. Defendant led Plaintiff to believe she was being treated with fairness and Respect. Yet Plaintiff was deprived of critical facts and evidence.

**29. WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

## Count X:

VIOLATION OF PLAINTIFFS 5TH AMENDMENT RIGHTS FREE FROM RACIAL DISCRIMINATION AND PROCEDURAL DUE PROCESS UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

*ROBERT CHARLES COOK, DETECTIVE:*

30. Defendant Cook Violated my 5th and 14th Amendment rights by avoiding witness testimony of my daughter, a 24-year-old Black Pregnant Female, who was dragged to her death and run over by a truck driven by her White Male abusive ex-boyfriend Justin Brandes.

31. Furthermore, Defendant documented false, uninvestigated, and inconsistent facts in the police reports, which resulted in the avoidance of criminal charges being considered or filed to bring justice to the death of Plaintiff's daughter violating due process and motivated by bias on race.

32. Additionally, Defendant Cook allowed and relied upon the testimony of Justin Brandes to narrate the investigation and considered such reliable due to the color of his skin (White) and the victim, Plaintiff's daughter's skin being (Black).

33. Officer Cook further failed to administer any drug/alcohol tests to Justin Brandes, depriving Plaintiff of a fair investigation and showing prejudicial favor to Brandes, the killer of Plaintiff's daughter.

34. **WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

### Count XI:

VIOLATION OF PLAINTIFFS 14th AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

*ROBERT CHARLES COOK, DETECTIVE:*

35. Defendant Cook violated Plaintiff's privacy by disclosing information to those who should not have been granted such personal information, thus violating Plaintiff's due process rights under the United States Constitution.

36. Defendant Cook further violated Plaintiff's constitutional rights by altering documents during his investigation.

37. **WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

## Count XII:

VIOLATION OF PLAINTIFFS 4TH AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

*JILL M. FREIRE, DETECTIVE:*

38. Defendant Freire Ignored witness testimony and statements. Defendant failed to investigate past evidence of abuse and law violations of Justin Brandes which showed a pattern of abuse to both Plaintiff's deceased daughter and surviving grandson, who was in the motor vehicle when Justin Brandes ran over Plaintiff's daughter. This is a violation of Plaintiff's 4th amendment right to probable cause. The repetitive witness statements demonstrated the fruits of illegal activity caused by Justin Brandes.

39. Defendant Freire, in her technique of interrogation of several witnesses, resulted in false confessions, which with a reasonable investigation would have revealed a different outcome and decision to prosecute Justin Brandes and hold him accountable for the death of Plaintiff's daughter. (One witness was James Stocks).

40. Additionally, Defendant Freire denied Plaintiff of her rights by failing to investigate the Text Messages on Plaintiff's deceased daughter's phone, showing a pattern of abuse and threats leading to possible motive as well as ignoring and taking into consideration past police reports filed with the Largo Police Department and police departments throughout the country.

41. Defendant Freire Also provided Justin Brandes legal advice regarding Plaintiff's surviving grandson, which was contrary to the best interest of the child, and Detective Freire did such based on the racial profile of Justin Brandes and the color of Plaintiff's skin.

42. Defendant Freire further failed to administer any drug/ alcohol test to Justin Brandes.

43. **WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

### Count XIII:

VIOLATION OF PLAINTIFFS 4TH AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

*BOBBY LANCE MOORE, DETECTIVE:*

44. Defendant Moore allowed the scene of a potential criminal investigation to be contaminated by Justin Brandes and by further allowing Justin Brandes to leave the scene of the accident in which Plaintiff's daughter died in the vehicle. In fact, that was used to kill her.

45. Detective Moore knew or should have known the vehicle was vital evidence in the investigation and should have been preserved as evidence. This is a violation of my 4th Amendment probable cause act because the death of my daughter at the hands of Justin Brandes was enough Grounded Facts to Constitute Probable Cause to seize the vehicle. This was not done, resulting in violating Plaintiff's 4th Amendment right.

46. Detective Moore allowed Justin Brandes to take said vehicle and leave the scene of the accident because he was White and Plaintiff was Black.

47. If a Black Man dragged and ran over a Pregnant White Woman with a Truck and caused their deaths, indeed, the investigation and outcome for the Plaintiff would have been different. Defendant's bias rendered his professional actions as negligible and unfair to Plaintiff.

48. Wherefore Detective Moore denied Plaintiff's rights of liberty to be awarded a fair investigation free of a contaminated crime scene and racial prejudice to be contaminated by Justin Brandes and by further allowing Justin Brandes to leave the scene of the accident in which Plaintiff's daughter died in the vehicle, in fact, that was used to kill her.

**49. WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

Count XIV:

VIOLATION OF PLAINTIFFS 14TH AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA

*Christopher Wilson M.D.*

50. Defendant ethical responsibility knew or should have known the pregnancy information would be critical to the homicide investigation.

51. Defendant showed a total disregard for the truth by giving Plaintiff a signed autopsy report stating her daughter had not been pregnant within the past year.

52. Defendant provided Plaintiff with an investigation packet blatantly showing a total disregard for executing the duties of the State in a non-biased professional manner.

53. Defendant relaid final decisions to State Attorney Douglas Ellis "Plaintiff daughter had not been dragged." State attorney Doug Ellis then told the Plaintiff his conclusion based on the Defendant.

54. Defendant had direct communication with Life Link and had a duty to disclose documentation and evidence of Plaintiff's daughter's pregnancy to assist the police with Plaintiff's homicide investigation of her daughter's death.

55. **WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

**Count XV:**

VIOLATION OF PLAINTIFFS 4TH AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE <u>UNITED STATES OF AMERICA</u> & Violation of Fla. Stat. 406.11 (1) (a) (1) (8) (9)

*<u>Medical Examiner's office district 6</u>*

56. Defendant failed to include examination facts in the investigation. This absence of fact changed the outcome, which should have included prosecution and justice for the death of Plaintiff's daughter and unborn grandchild.

406.11(1)Examinations, investigations, and autopsies. In any of the following circumstances involving the death of a human being, the medical Examiner of the district in which the death occurred or the body was found shall determine the cause of death and shall, for that purpose, make or have performed such examinations, investigations, and autopsies as he or she shall deem necessary or as shall be requested by the state attorney:

(a)   When any person dies in the State:

<u>1.   Of criminal violence.</u>

<u>8.   In any suspicious or unusual circumstance.</u>

53. **WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

**Count XVI:**

VIOLATION OF PLAINTIFFS 14TH AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA & VIOLATION OF Fla. Stat. 382.009

*Christopher Wilson M.D.*

57. Defendant concealed procedural details the Plaintiff had a constitutional right to know.

58. Defendant illegally removed Plaintiff's daughter's eyes and tissue.

59. Defendant blatantly showed a total disregard for Plaintiff's constitutional rights as the discussion maker.

60. Defendants violated Fla. Stat. 382.009 inasmuch failing to notify Plaintiff the next of kin.

61. **WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (1,000,000.00)**

**Count XVII:**

VIOLATION OF PLAINTIFFS 14TH AMENDMENT RIGHTS AFFORDED AS GUARANTEED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA & VIOLATION OF Fla. Stat. 382.009

*Life Link Organization/Foundation*

62. Defendant had direct communication with District 6 Medical Examiner's office and had a duty to disclose documentation and evidence of Plaintiff's daughter's pregnancy to assist them with Plaintiff's homicide investigation of her daughter's death.

63. Defendants conceal procedural details the Plaintiff had a constitutional right to know.

64. On December 16, 2017, Life Link received notice of Plaintiff's daughter's pregnancy. That was critical evidence to afford the Plaintiff with a fear investigation

65. Defendants blatantly showed a total disregard for Plaintiff constitutional rights as the discussion maker.

66. On December 16, 2017, Defendant conspired with Dr. Garland Meghan at Bayfront Medical Hospital to diagnose a plan of care removing an unborn from Plaintiff's daughter's womb.

67. Defendants conspired to perform procedures under an <u>Alias name Delta 049</u>.

68. Defendants used alias "<u>names</u>" to lead Plaintiff to believe she was being treated fairly.

69. Defendants illegally permitted physicians to remove Plaintiff's daughter's eyes and tissue.

70. Defendant knew or should have known that the pregnancy information would be critical to Plaintiff's homicide investigation.

71. Defendants violated F<u>lorida Statute 382.009</u> inasmuch failing to notify Plaintiff the next of kin.

72. **WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (2,000,000.00)**

### Count XVIII:

FRAUDULENT MISREPRESENTATION & Violation of the World Health Organization 17.2 Transplant Act of 1989

*Life Link Organization/Foundation*

73. Defendants acted in concert in falsely misrepresenting the care Plaintiff's daughter was deceiving and acted with total disregard of the truth in such a reckless manner, totally misleading by their giving false permission of Plaintiff's organ donation decisions.

74. In fact, providing false permission to take Plaintiff's daughters' eyes and tissue for their personal use showed total disregard and discrimination against Plaintiff as the only decision-maker.

75. **WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (2,000,000.00)**

### Count XIX

VIOLATION OF FETAL PROTECTION ACT & PREBORN VICTIMS OF VIOLENCE ACT AND UNBORN VICTIMS OF VIOLENCE ACT

*Life Link Organization/Foundation*

76. Defendant ignored these Acts and the above-cited state statutes protecting the fetus of Plaintiff's daughter and by failing to gain consent to terminate birth, a duty they owed to Plaintiff, and by terminating the birth of the unborn child in violation of these Acts.

77. **WHEREFORE, Plaintiff demands judgment in her favor, and against Defendant pursuant to 42 U.S.C., SECTION 1983, in an amount of One Million Dollars (2,000,000.00)**

### Count XX:

DISREGARD FOR TRUTH & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*Defendants: Detective Robert Charles Cook, Detective Jill M. Freire, Bobby Lance Moore, Largo Police Department, Medical Examiner Office District 6, Christopher Wilson M.D., Investigator Segui Michor, Life Link Organizations/Foundation*

78. Defendant's deliberate and deceitful conduct was so outrageous, woeful, and extreme, harming Plaintiff specifically by the illegal extracting and harvesting of organs of Plaintiff's unborn grandchild. The conduct of the Defendant's was unquestionably reckless insomuch as not only did it disregard the basic courtesy owed to Plaintiff, such as to even disclose the pregnancy, but it also ignored agency protocol in requesting permission to harvest said organs and did so only for financial gains. To make matters worse, the defendants failed to even take into consideration. Plaintiff's religious and personal beliefs about the procedures in which the Defendant's deliberately and intentionally concealed. These deliberate illegal and immoral actions by Defendant's caused a lasting scar and disability to Plaintiff, consequently leaving a profound impact on Plaintiff's personal and professional life to the point of losing friends, family relationships, and employment.

**WHEREFORE,** Plaintiff seeks damages for the above Constitutional violations in the amount of $40 million and for this case regarding my daughter's death to be reopened with a Demand for Jury Trial

Sincerely,

Belinda Wood, Plaintiff, Pro Se,

1521 Fort Sumter Ct.
Dumfries, Virginia 22026
Belindawood63@yahoo.com
803-806-2825

This December day of 8, 2021

*Belinda Wood*
Belinda Wood,

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: (date) December 8, 2021

*Belinda Wood*
Belinda Wood,

*Service by Sherriff*