UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BELINDA WOOD,

    Plaintiff,

v.                                                Case No:   8:22-cv-66-JLB-JSS

STATE OF FLORIDA,
THE CITY OF LARGO, FLORIDA,
ALEXA MOIA, Assistant State Attorney,
DOUGLAS ELLIS, Assistant State
Attorney, MEDICAL EXAMINER
DISTRICT SIX, CHRISTOPHER WILSON,
M.D., SEGUI MICHOR, Investigator,
LARGO POLICE DEPARTMENT,
ROBERT CHARLES COOK, Detective,
JILL M. FREIRE, Detective, BOBBY
LANCE MOORE, Detective, and
LIFELINK FOUNDATION, INC.,

    Defendants.
_____/

## ORDER

Plaintiff Belinda Wood filed this action in Florida state court, raising various claims under 42 U.S.C. § 1983 against Defendants. (Doc. 1-1.) The claims relate to the investigation into the tragic death of Ms. Wood's pregnant daughter and the decision not to file criminal charges against her daughter's ex-boyfriend. Defendant LifeLink Foundation, Inc. ("LifeLink") removed the action to this Court (Doc. 1), and Ms. Wood has moved for remand of the case to Florida state court (Doc. 36.) Additionally, several defendants have moved to dismiss Ms. Wood's amended complaint for various reasons, including that it is an impermissible shotgun pleading and that she lacks standing to pursue her claims. (Docs. 44, 45, 48, 49.)

Upon careful review, this action is not remanded, and Ms. Wood's amended complaint is **dismissed with leave to amend**.

## BACKGROUND

Ms. Wood alleges that her daughter's ex-boyfriend, Justin Brandes, "ran over and killed" her pregnant daughter. (Doc. 34 at 3, ¶ 3.) She challenges the subsequent investigation into the circumstances of her daughter's tragic death and the decision of the State Attorney's Office not to file criminal charges against Mr. Brandes. (See, e.g., id. at ¶¶ 3, 5–12, 25–56, 62–71.) As to the medical defendants and LifeLink, Ms. Woods alleges that, among other things, they unlawfully took her deceased daughter's eyes, organs, and tissue. (Id. at ¶¶ 14, 16–20, 57–60, 73–74.)

Ms. Wood previously raised claims based on these allegations in a separate case in this District, Case No. 8:21-cv-2292-KKM-JSS. After the complaint in that case was struck as an impermissible shotgun pleading, Ms. Wood filed an amended pleading. See Wood v. Office of the State Attorney, No. 8:21-cv-2292-KKM-JSS, ECF No. 3, 19, 22 (M.D. Fla.). Following the defendants' subsequent motion to dismiss, Ms. Wood filed a "motion to withdraw," which was construed as a motion for leave to dismiss the case. Id. ECF No. 33, 34, 35. The case was then dismissed without prejudice and judgment was entered. Id. ECF No. 36, 37.

Ms. Wood also filed a complaint in Florida state court, which is substantially similar to the complaint in 8:21-cv-2292-KKM-JSS and raises several section 1983 claims. LifeLink removed the action to this Court on the basis of original jurisdiction (Doc. 1), and Ms. Wood has moved to remand the case to state court

(Doc. 36.)  Additionally, several defendants have moved to dismiss Ms. Wood's amended complaint for various reasons, including that it is a shotgun pleading and because she lacks standing to pursue her claims.  (Docs. 44, 45, 48, 49.)

## DISCUSSION

Remand of this action to state court is unwarranted at this stage of the ligation, but the Court will entertain subsequent motions to remand.  Further, Ms. Wood's amended complaint is due to be dismissed with leave to amend as an impermissible shotgun pleading.  If she decides to file a second amended complaint, the allegations in her amended pleading must establish her standing to pursue her claims.

### I. Remand is unwarranted.

The removing party has the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  Unless Congress has expressly provided otherwise, federal courts may exercise jurisdiction over actions "brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  And where district courts have original jurisdiction, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.

LifeLink has sufficiently shown that federal jurisdiction exists. Indeed, LifeLink removed this action based on the Court's original jurisdiction over Ms. Wood's section 1983 claims premised on violations of her Fourth, Fifth, and Fourteenth Amendment rights. 28 U.S.C. § 1331; (Docs. 1, 1-1, 34.) And contrary to Ms. Wood's unsupported assertion that she "believes it is her right to select which Court to file her case," (Doc. 36 at 2), this Court cannot in its discretion remand a properly removed action where jurisdiction exists. In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996) (finding that a district court "must retain jurisdiction over [a] properly removed federal claim"). She does not dispute that the removal was timely or LifeLink's representations that all defendants who have been served consented to removal. (Doc. 1 at 5.)[1]

In short, Ms. Wood's section 1983 claims provide this Court federal question jurisdiction, and remand is unwarranted. See Liebman v. Deutsche Bank Nat. Tr. Co., 462 F. App'x 876, 878 (11th Cir. 2012).

---

[1] Ms. Wood filed a "Response to Defendant's Objections," which is construed as a reply filed without leave of Court. See M.D. Fla. Local Rule 3.01(d). In all events, the points raised in the reply do not affect the disposition of her motion to remand this action. First, although she asserts that her claims relate to "state statutes not being followed," a review of her complaint reveals that nearly every count raises claims under section 1983. (Doc. 57 at 1–2; Docs. 1-1, 34.) And Ms. Wood misconstrues the effect of the judgment entered in her prior case when she asserts that she was "allowed . . . to return her case to State Court." (Doc. 57 at 2.) Rather, the complaint in the prior federal action was simply dismissed without prejudice, and Defendants were not required to "appeal the Judge's decision allowing Plaintiff to resubmit her corrected complaint in the State Court" (which was filed prior to the dismissal) in order to timely remove the subsequent action. (Id. at 3.) Nor were they required to state an objection to the district court in the first action construing Ms. Wood's "motion to withdraw" as a request for the court to dismiss the case under Federal Rule of Civil Procedure 41(a)(2). (Doc. 50 at 3.)

## II.     The complaint is an impermissible shotgun pleading.

Upon review of Ms. Wood's amended complaint, and as several defendants correctly observe, the operative pleading fails to notify Defendants of the claims against them or the grounds on which those claims rest.

Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). And Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, as explained by the Eleventh Circuit, Rules 8 and 10

> require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).[2]

Shotgun pleadings violate the pleading rules by failing to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323

---

[2] Courts hold the pleadings of pro se litigants to a less stringent standard than pleadings drafted by attorneys. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). But courts do not have a duty to "rewrite" a pro se litigant's complaint to find a claim. See Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007) (per curiam).

(11th Cir. 2015). The Eleventh Circuit has identified four varieties of shotgun pleadings: (1) a pleading in which multiple counts each adopt the allegations of all preceding counts; (2) a pleading that uses conclusory, vague, and immaterial facts unconnected to a particular cause of action; (3) a pleading that fails to separate each cause of action or claim for relief into distinct counts; and (4) a pleading that combines multiple claims against multiple defendants without specifying which defendant is responsible for which act, or which defendant a claim is brought against. See id. at 1321–23.

Upon review, there are numerous deficiencies with the amended complaint, which ultimately fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. First, Ms. Wood purports to raise twenty counts against twelve different defendants, and within the counts she makes passing references to violations of various constitutional rights and statutes. (Doc. 34.) For example, in some counts, Ms. Wood alleges a purported violation of an unidentified state statute without specifying whether she raises a claim based on that violation. (See, e.g., id. at 6, ¶¶ 14, 16.) In other counts, she reincorporates "above-cited state statutes" without identifying which statute she alleges a defendant has violated. (Id. at 17, ¶ 76.)

The pleading further combines multiple claims against multiple defendants without specifying which defendant is responsible for which act. See Weiland, 792 F.3d at 1323. For example, Count I is raised against the "Office of the State Attorney," which is not included in the case caption. (Doc. 34 at 2.) The sole

6

supporting allegation in Count I alleges that "<u>Defendants</u> showed a total disregard for executing the duties of the State in a non-biased professional manner.  Violating Plaintiff's due process rights by ignoring and deviating from their investigative duties owed to Plaintiff and Plaintiff's family overall."  (<u>Id.</u> at 2, ¶ 1 (emphasis added.)  It is thus unclear whether "Defendants" refers to the Office of the State Attorney, defendants who are employees of the office, or all defendants.  The same problem afflicts Count II, also purportedly raised against the Office of the State Attorney.  (<u>Id.</u> at 3, ¶ 3.)

Likewise, in Count XVII raised against LifeLink, Ms. Wood alleges that "<u>Defendants</u> conceal procedural details the Plaintiff had a constitutional right to know," that LifeLink conspired with another individual who is not named in this lawsuit, and that "<u>Defendants</u> conspired to perform procedures under an Alias name Delta 049," "<u>Defendants</u> used alias 'names' to lead Plaintiff to believe she was being treated fairly," and "<u>Defendants</u> illegally permitted physicians to remove Plaintiff's daughter's eyes and tissue."  (Doc. 34 at 15–16, ¶¶ 62–71 (emphasis added).)  In short, the amended complaint is a shotgun pleading because it does not clearly specify which of the defendants are responsible for which of the alleged acts or omissions.  <u>See</u> <u>Weiland</u>, 792 F.3d at 1321–23.

Additionally, Ms. Wood generally alleges that her rights were violated by "agents of the State of Florida in their [individual] and professional capacities," without specifying whether the claims against certain defendants are brought against that defendant in an individual or official capacity.  (Doc. 34 at 2.)  And

7

although the State of Florida and City of Largo are named as defendants, Ms. Wood does not appear to raise any claims against them. (Id. at 1.)

Other counts lack clear factual allegations. To illustrate, the only factual allegation supporting Count XV, a purported Fourth Amendment and statutory violation against Defendant Medical Examiner District Six, is that "Defendant failed to include examination facts in the investigation. This absence of fact changed the outcome, which should have included prosecution and justice for the death of Plaintiff's daughter and unborn grandchild." (Doc. 34 at 14, ¶ 56.) The complaint does not specify the nature of the "examination facts" allegedly not included in the investigation, and the defendant whose conduct is implicated by the count, Medical Examiner District Six, is left to speculate. Likewise, in Ms. Wood's "fraudulent misrepresentation & violation of the World Health Organization 17.2 Transplant Act of 1983" claim alleged against LifeLink in Count XVIII, there is no factual detail as to how "Defendants acted in concert in falsely misrepresenting the care Plaintiff's daughter" received. (Doc. 34 at 16 (emphasis added).)

These are but a few examples. In short, the confusing allegations fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. Without clarification, Defendants cannot be expected to discern what Ms. Wood is claiming against which defendant or to frame a responsive pleading. The amended complaint is deficient and must be dismissed.

8

Some defendants request dismissal with prejudice. (Doc. 44 at 7.) Although the Court acknowledges the unique procedural history of this case, which has provided multiple opportunities for Ms. Wood to cure the deficiencies in her pleadings, the Court nevertheless finds that dismissing the amended complaint without prejudice is warranted to allow Ms. Wood one final opportunity to amend. See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).

### III.   Any amended pleading must establish Ms. Wood's standing.

In light of the dismissal without prejudice, the Court takes this opportunity to address some of its concerns as to Ms. Wood's standing to raise her claims. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). To have Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 1548 (quotation omitted). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." Id. (quotation omitted). For the injury to be "concrete," it must be "real," and not "abstract"; however, it need not be "tangible." Id. at 1548–49.

Here, most, if not all, of Ms. Wood's claims appear to be based on injuries and purported constitutional violations suffered by her daughter, not her. And

Ms. Wood did not style her case or present allegations such that she is raising claims as the representative of her daughter's estate. In all events, without counsel she is unable to do so. See Franklin v. Garden State Life Insur., 462 F. App'x 928, 930 (11th Cir. 2012); Bolin v. Coquina Ctr., LLC, No. 6:21-cv-357-WWB-DCI, 2021 WL 2474312, at *1 (M.D. Fla. May 24, 2021).

In short, if Ms. Wood seeks to file an amended pleading, she should ensure that her allegations establish her standing to pursue her claims.[3] Lastly, the Court is mindful of Ms. Wood's deep personal loss. It notes that it makes its decision here based on the law it must apply. The law requires compliance with various statutes and procedural rules for any lawsuit to advance in federal court. The Court evenhandedly applies those statutes and rules to all parties and in all cases it is called upon to decide.

---

[3] As to a plaintiff's ability to bring claims on behalf of a third party, the Supreme Court has explained as follows:

> We have recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.

Powers v. Ohio, 499 U.S. 400, 410–11 (1991) (internal citations omitted).

## CONCLUSION

For the reasons stated above, it is **ORDERED**:

1. Plaintiff's Motion to Return Case to Civil Court (Doc. 36) is **DENIED**.

2. Defendants' motions to dismiss (Docs. 44, 45, 48, 49) are **GRANTED** to the extent that Plaintiff's Amended Complaint is **DISMISSED without prejudice** as an impermissible shotgun pleading. The motions are otherwise **DENIED**.

3. Ms. Wood may file a second amended complaint consistent with this Order on or before May 31, 2022. If she fails to timely file a second amended complaint, the Court will dismiss this action without further notice. Furthermore, should any second amended complaint be filed, the Court advises Ms. Wood that it may result in dismissal should that second amended complaint not ameliorate the deficiencies set forth in this Order and comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**ORDERED** in Tampa, Florida this 10th day of May, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE